RIVER PLATE COMMERCIAL COMPANY, INC., Appellant, *v.* MADERO BROS., INC., Respondent.

First Department, November 8, 1918.

**Sale — action for failure to deliver — waiver of strict performance — evidence — question of law — instruction to jury.**

Where a contract was made for the delivery of 450 tons of caustic soda at the rate of 150 tons per month, with payment net cash on presentment of bills of lading and arrival notices, and during the first month and until the thirteenth of the second month deliveries were made and the purchase price paid without presentment of the bills of lading and arrival notices, but on the delivery of dock or warehouse receipts, but on the thirteenth of the second month the purchaser refused to accept delivery without the papers called for by the contract, and, after some correspondence, in which the purchaser declared its willingness to accept the soda under the conditions provided for in the contract, the seller proceeded to make deliveries accompanied by the bills of lading and arrival notices, with the exception of one shipment, which the purchaser, in accepting, expressly stated that it did not waive its rights under the contract, it was held, in an action by the purchaser for breach of contract in failing to deliver the full amount called for by the contract, that the plaintiff did not waive any of the conditions of the contract in respect to the shipments for the second and third months, and that a verdict for the defendant was not supported by the evidence.

The question of waiver was one of law to be determined by the court, and should not have been submitted to the jury.

In such a case an instruction to the jury that if they found that, through no fault of the defendant, the bills of lading could not be obtained, the defendant would not be liable for a breach of the contract, but that there was no evidence to show whether they could have been obtained or not, was erroneous and misleading and furnished sufficient reason for setting aside the verdict.

APPEAL by the plaintiff, River Plate Commercial Company, Inc., from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 11th day of February, 1918, upon the verdict of a jury, and also from an order entered in said clerk's office on the 6th day of February, 1918, denying plaintiff's motion for a new trial made upon the minutes.

*Woolsey A. Shepard* of counsel [*Thomas & Houghton*, attorneys], for the appellant.

*Walter L. Post* of counsel [*Charles M. Russell*, attorney], for the respondent.

MERRELL, J.:

Plaintiff brings this action to recover damages for the alleged breach of a written contract made by the defendant on June 2, 1917, for the delivery of 450 tons of caustic soda at the agreed price of six dollars and forty cents per 100 pounds, f. o. b. New York, with free lighterage. The contract provided that the shipment should be made in three installments of 150 tons each, one of which installments was to be shipped in each of the months of June, July and August, 1917. The contract further provided that payment was to be net cash against bill of lading and arrival notice. Under the terms of the contract each delivery or shipment was to stand as a separate contract. All agreements were made contingent upon strikes, fires, accidents or other causes beyond the control of the defendant corporation, and the defendant was not to be held responsible for delays or shut-outs caused by embargoes, congestion, etc., of railroads, steamship lines or common carriers.

Upon the trial the jury returned a verdict for the defendant. In rendering such verdict the jury evidently adopted defend-

ant's contention that plaintiff had waived a strict performance of the terms of the contract in respect to the presentation of bills of lading and arrival notices covering goods shipped, or that, owing to railroad embargoes and other causes beyond defendant's control, it was excused from performing the contract according to its terms.

The June shipment was made to the plaintiff under circumstances satisfactory to both parties, and until July 13, 1917, deliveries were made and the purchase price paid by the plaintiff without presentation of bills of lading and arrival notices called for by the contract. In their place, warehouse or dock receipts were presented to and accepted by the plaintiff. On July thirteenth the defendant offered to deliver to plaintiff certain drums containing 50,625 pounds net of the caustic soda. These drums were not accompanied by bill of lading or arrival notice, as provided in the contract. Plaintiff refused to accept such evidence of ownership, and then insisted that the defendant perform its contract according to the strict terms thereof, and insisted that each delivery be accompanied with bill of lading and arrival notice. Some correspondence occurred between the parties, defendant insisting that the documents which it offered were a substantial compliance with the requirement of the contract, whereas plaintiff insisted upon a strict compliance with the written contract, plaintiff stating to defendant that it could deliver the caustic soda as fast as it pleased, providing it was done in accordance with the terms of the contract, which called for net cash against bill of lading and arrival notice, and that plaintiff was at all times ready to receive and pay for the commodity when delivered in accordance with the terms of the contract. Thereupon the defendant proceeded to deliver to plaintiff the caustic soda accompanied by bill of lading and arrival notice, according to the letter of the contract, and all deliveries made thereafter during the months of July and August and as late as October twelfth, were accompanied by the proper documents. In fact, no deliveries were accepted by the plaintiff, after the June quota, which were not accompanied by bills of lading and arrival notices, except one delivery on September twenty-eighth, which was qualifiedly accepted by the plaintiff and a letter written to defendant on

October fifth stating that such acceptance was qualifiedly made and was not to be considered as a waiver of plaintiff's rights under the contract. The correspondence between the parties would seem to indicate that the plaintiff was ready and willing to take the goods at all times, but insisted that delivery should be accompanied by the bills of lading and arrival notices provided for in the contract. The plaintiff, therefore, did not waive any of the conditions of the contract in respect to the July and August shipments.

Under the evidence, the question of waiver was one of law to be determined by the court, and should not have been submitted to the jury for its determination.

While the various shipments did not conform to the terms of the contract for 150 tons in each of the months of June, July and August, it appears that enough of the caustic soda was shipped during the three months to fill the June and July quotas, and plaintiff was apparently willing to accept the commodity as shipped according to the terms of the contract. There was a total shortage, however, of 147.06 tons, or nearly the full amount of the August quota, and for the failure to ship said 147.06 tons plaintiff brings this action for damages.

There is no dispute as to defendant's failure to deliver said 147.06 tons of said soda. Immediately after the refusal of plaintiff to take the goods in the manner in which defendant attempted to deliver them on July thirteenth, the defendant acquiesced in the construction placed upon the contract by the plaintiff, and, commencing the very next day, deliveries were made under the contract accompanied by the documents provided by its terms. Thereafter the defendant continued to make all subsequent deliveries in strict accordance with the terms of the contract, excepting that of September twenty-eighth, which was qualifiedly accepted by the plaintiff. After acquiescing in plaintiff's interpretation of the contract and continuing to make deliveries in accordance with the strict terms thereof, there is little force in defendant's position that plaintiff's refusal to accept the deliveries of July thirteenth excused defendant from completing its contract. Defendant should have, at least, offered to deliver the remainder of the caustic soda in accordance with the terms of the contract.

I am unable to find any basis for defendant's claim that plaintiff had waived the strict terms of the contract.

Furthermore, I am unable to find any evidence excusing defendant's performance of the contract by reason of railroad embargoes or other causes delaying shipments. The plaintiff was not insisting that the time of delivery was very essential, and apparently was ready to wait a reasonable time for the goods to be delivered.

The court, in submitting the case to the jury, instructed them that if they found that, through no fault of the defendant, the bills of lading could not be obtained, the defendant would not be liable for a breach of the contract, and that their verdict ought to be in favor of the defendant. But, in this connection, the court charged the jury that there was no evidence in the case to show whether the bills of lading could have been obtained or not. The effect of such instruction was that the jury was permitted to return a verdict in favor of the defendant, which the facts did not warrant. This charge was, on its face, erroneous and misleading, and furnishes sufficient reason for setting aside the verdict rendered and a reversal of the judgment entered thereon.

I am unable to find any reasonable excuse for defendant's failure to deliver the goods pursuant to the terms of the contract, and, therefore, the verdict of the jury was unsupported by the evidence.

The judgment and order appealed from should be reversed and a new trial granted, with costs to the appellant to abide the event.

Clarke, P. J., Laughlin, Smith and Shearn, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.